UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR 20-40 (KMM)

United States of America,

    Plaintiff,

vs.

Floyd Robert Desjarlais,

    Defendant.

**DEFENDANT'S MOTIONS IN LIMINE**

The defendant, Floyd Robert Desjarlais, through and by his lawyer, Paul Engh, moves for the following Orders:

1. Prohibiting the Government from introducing Mr. Desjarlais's criminal convictions. He stipulates to that element of the offense. Old Chief v. United States, 519 U.S. 172, 191 (1997).

2. Prohibiting the Government from introducing the statements of Catarina Marie Gordon, who passed away last year. Ms. Gordon's statements, to law enforcement officials at the scene of the search and seizure of the pistol in question, were in response to direct interrogation and are deemed testimonial. To admit her disclosures, which are unhelpful to Mr. Desjarlais, would deny him his Sixth Amendment right of confrontation. Crawford v. Washington, 541 U.S. 36, 68-69 (2004).

3. Prohibiting the Government from offering proof of Mr. Desjarlais's then active arrest warrant. This is evidence of another crime not relevant to the instant offense. Rule 403, Fed.R.Evid.

4. Prohibiting the Government from introducing Mr. Desjarlais's statement to Beltrami County Deputy Sheriff Kyle Nohre. Deputy Nohre was a canine handler, and his dog bit Mr. Desjarlais the evening of his arrest. Mr. Desjarlais was disappointed at being assaulted (his thigh was the point of dog teeth impact) and told Deputy Nohre that he, Nohre, "could suck a dick." See Motions Hearing Transcript at p. 26, line 25; p 41, lines 2-5. Mr. Desjarlais's statement reflects a generalized condition of unhappiness, nothing more. If his statement is admitted, the jury will infer a certain disrespect by Mr. Desjarlais toward law enforcement, an inference that is needlessly prejudicial. When the only question to be resolved is whether Mr. Desjarlais had constructive possession of the pistol.

5. Finally, prohibiting the Government from introducing evidence that the handgun in question had been stolen. Mr. Desjarlais is not accused of that theft, which occurred on May 10, 2018. That day, the gun owner's truck was vandalized, windows broken with what appears to be a baseball bat, and additional items were taken as well, including his check book, tools, bank cards, cash, and driver's license. This testimony would be enormously prejudicial because it lacks any nexus to this case. Rule 403, Fed.R.Evid. The case agent testifying at the

Grand Jury was asked by a juror, "So when the gun was actually stolen was there any connection between the theft of that gun and Mr. Desjarlais?" The answer was "No." Grand Jury Transcript at p. 17.

Dated: March 11, 2022					Respectfully submitted,

							/s/ Paul Engh

							_____
							Paul Engh, Lic. 134685
							Suite 2860
							150 South Fifth Street
							Minneapolis, MN 55402
							612.252.1100

							Attorney for Mr. Desjarlais