```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                      CR 20-40(KMM)
```

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S RESPONSE TO** |
| vs. | ) | **THE GOVERNMENT'S MOTIONS** |
| | ) | **IN LIMINE AND TRIAL BRIEF** |
| Floyd Robert Desjarlais, | ) | |
| | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * *

The defendant, Floyd Robert Desjarlais, through and by his attorney, Paul Engh, hereby responds to the Governments In Limine Motions and Trial Brief.

Regarding the motions, the defense agrees to sequestration of witnesses, and non-mention of punishment except during cross examination of Mr. Kingbird, the Government's star witness. By his cooperation with the state and federal authorities, Mr. Kingbird has managed to avoid years in prison. The Minnesota mandatory minimum for felon-in-possession crimes and the federal sentencing guidelines for the companion offenses are relevant for the jury's determination of his benefit and continued incentive to please the government.

The Government's additional concerns can be addressed in short order. We are not relying on the defenses of insanity nor alibi. And we have no expert witnesses who will be called. Ms. Rachel Primo should be permitted to testify that she saw the Ruger SR22P pistol in Mr. Kingbird's hands the week before the

1

incidents in question.  Dominion and control over that particular firearm are the key issues for the jury's determination.

The certified copies of felony convictions of Mr. Kingbird and Catarina Gordon are relevant because both were within inches of firearms, and could not possess them.  The handgun was found in Ms. Gordon's car console.  She sat right next to it.  Mr. Kingbird, found in the backseat, had a rifle at his feet, bullets in his pocket.  Deflection of their criminal responsibility and the Government's concomitant and exclusive focus on Mr. Desjarlais reflects a bias the jury is allowed to consider.

Finally, the Government seeks to introduce a recorded jail conversation from July 7, 2019, the claim being that "Mr. Desjarlais attempted to threaten or influence Mr. Kingbird's testimony."  Trial Brief at p. 6.  We request the Government provide a transcript of those fifteen minutes, and in turn ask this Court listen and watch the conversation first hand.  Our repeated reviews do not support the Government's interpretation.  It is often difficult to hear the conversation.  Nothing is said that remotely suggests an actual threat.  Compare United States v. Bender, 927 F.3d 1031, 1032 (8th Cir. 2019) (defendant convicted of instructing fellow gang members to "smash" the government's informants).

Moreover, at several moments during the tape Mr. Desjarlais references his multiple convictions, possible punishments, and

there is a child seen who need not appear in this trial.  None of that is admissible.  Once the transcript is produced, we seek leave for further briefing.

Dated: March 16, 2022          Respectfully submitted,

/s/ Paul Engh

_____
PAUL ENGH
Suite 2860
150 South Fifth Street
Minneapolis, MN 55402
(612) 252-1100

Attorney for Mr. Desjarlais