UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 20-cr-40 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER ON MOTIONS IN LIMINE** |
| Floyd Robert Desjarlais, | |
| Defendant. | |

This matter is before the Court on the parties' motions *in limine*. The Court heard argument from counsel for the government and Mr. Desjarlais on the motions at the Final Pretrial Conference on March 18, 2022, and issued bench rulings. This Order commemorates the Court's bench decision.

**1. Mr. Desjarlais's Motions in Limine [ECF No. 101]**

Mr. Desjarlais moves for five separate forms of relief. The Court granted some, denied some, and tabled some for further discussion.

***Mr. Desjarlais's Prior Convictions***

Mr. Desjarlais seeks an Order prohibiting the government from introducing evidence of his criminal convictions to establish the prior-conviction element of the 18 U.S.C. § 922(g) charge. The government explained that it would only seek to present evidence of Mr. Desjarlais's prior convictions for impeachment under Fed. R. Evid. 609 if he chooses to testify at trial. The parties made substantial progress toward an *Old Chief*[1] stipulation prior to

---

[1] *Old Chief v. United States*, 519 U.S. 172 (1997).

1

the pretrial conference, and at the conference, the parties nearly finalized an agreement. Because there will be an *Old Chief* stipulation, the prior convictions cannot come in during the government's opening case and the motion is **GRANTED**. However, certified copies of at least some of Mr. Desjarlais's convictions may come in as impeachment evidence if he elects to testify at trial.

### Confrontation

Mr. Desjarlais requests an Order prohibiting the government from introducing incriminating statements allegedly made by Catarina Marie Gordon, a witness who is now deceased. He argues that Ms. Gordon's statements were "testimonial," and admitting them would violate his Sixth Amendment right of confrontation under *Crawford v. Washington*, 541 U.S. 36, 68-69 (2004) because he will have no opportunity to cross-examine Ms. Gordon.

The government does not intend to introduce any testimonial statements from Ms. Gordon in its case-in-chief. [ECF No. 113]. However, the government argued that such hearsay could become admissible if Mr. Desjarlais chooses to testify. The Court is not persuaded that Mr. Desjarlais's testimony has any bearing on the Confrontation Clause issues raised by the introduction of Ms. Gordon's hearsay statement. The Supreme Court recently held that even where a defendant's arguments and evidence make hearsay statements which have not been subject to cross-examination relevant to his theory of defense, admission of those statements against him violates his right to confrontation. *Hemphill v. New York*, 142 S. Ct. 681, 686 (2022). In *Hemphill*, the Court reaffirmed *Crawford*'s conclusion that "the text of the Sixth Amendment does not suggest any open-ended exceptions from the confrontation requirement to be developed by the courts,' the

2

requirement was 'most naturally read' to admit 'only those exceptions established at the time of the founding.'" *Id.* at 690 (quoting *Crawford*, 541 U.S. at 54). Therefore, the motion is **GRANTED**, and the government may not introduce Ms. Gordon's statements against Mr. Desjarlais. However, as discussed at the pretrial conference, if Mr. Desjarlais successfully introduces any hearsay statement from Ms. Gordon at trial, the rule of completeness, Fed. R. Evid. 106, may require reconsideration of this matter.

### Active Arrest Warrant

Mr. Desjarlais moved for an Order prohibiting the government from offering proof of an active arrest warrant for another crime at the time he was taken into custody in connection with this matter. During the discussion at the hearing, defense counsel clarified that this motion is intended to address the concern that the specific conduct for which the arrest warrant had been issued not be presented to the jury based on its tendency to give rise to unfair prejudice. The government's position is that the fact of the arrest warrant is *res gestae* of the offense, but it agreed that any mention of the issue would be limited to the existence of an active arrest warrant for Mr. Desjarlais on an unrelated crime. The Court therefore **GRANTS IN PART** this motion: the government's witness can testify regarding the fact of the warrant, but not the alleged offense underlying it.

### Mr. Desjarais's Statements to Deputy Nohre

Mr. Desjarlais seeks an Order prohibiting the government from introducing his statement to Beltrami County Deputy Sheriff Kyle Nohre. Deputy Nohre, a canine handler, was involved in Mr. Desjarlais's arrest and his canine partner bit Mr. Desjarlais while Deputy Nohre was effecting that arrest. When he was bitten, Mr. Desjarlais told Deputy Nohre that

he could "such a dick." Mr. Desjarlais asserts that the jury could impermissibly infer that he bears a disrespect for law enforcement, which would be needlessly prejudicial, given that the primary issue in this case is whether Mr. Desjarlais had constructive possession of the firearm. The government states that it does not object to this request, but reserves the right to address the statement should Mr. Desjarlais choose to testify. [ECF No. 113]. The motion is **GRANTED**: the statement is entirely irrelevant and likely prejudicial, and is not admissible regardless of whether Mr. Desjarlais testifies, unless the defense somehow opens the door to it at trial.

### Stolen Firearm

Finally, Mr. Desjarlais asks the Court to issue an Order prohibiting the government from introducing evidence that the firearm at issue had been stolen. The government does not object to this motion. [ECF No. 113]. Accordingly, the motion is **GRANTED** and evidence that the handgun at issue had been stolen will not be introduced at trial.

**2. The Government's Motion in Limine to Preclude Certain Defenses and Evidence [ECF No. 104].**

The government seeks to preclude unnoticed testimony or exhibits, including expert testimony and defenses based on alibi or insanity. This motion is **GRANTED IN PART and DENIED IN PART** as stated at the hearing.

### Prophylactic Matters

The government's requests that Mr. Desjarlais be prohibited from offering expert testimony and asserting an alibi or insanity defense are **DENIED** as moot. Mr. Desjarlais confirmed that he is not going to call an expert witness, nor rely on an alibi or insanity defense. [ECF No. 110].

4

**Ms. Primo's Testimony**

Next, the government seeks an Order prohibiting Ms. Primo from testifying that she saw the firearm at issue in Mr. Kingbird's possession a week before Mr. Desjarlais's arrest. The motion is **DENIED**. The anticipated testimony is relevant to Mr. Desjarlais's theory of defense, and each side can address its weight through questioning and argument.

**Witness Conviction Records**

Finally, the government asks the Court to prohibit introduction of Defense Exhibit 2—a certified copy of Ms. Gordon's 2016 conviction for fifth-degree possession of a controlled substance. Mr. Desjarlais argues that the document is relevant to prove that the government had access to her DNA through a database of felons, but chose not to test the firearm at issue for the presence of that DNA. The motion is **GRANTED** with respect to introduction of the proposed exhibit. However, as the Court explained at the conference, the fact that the government had access to a sample of Ms. Gordon's DNA is relevant, and inquiry into the fact that she had a felony conviction, as a result of which her DNA was obtained, is not prohibited this Order.

Mr. Desjarlais also intends to offer a certified copy of Mr. Kingbird's felony conviction, arguing that it is relevant because he too was prohibited from possessing a firearm, and therefore has a reason to deflect blame onto Mr. Desjarlais for the firearm at issue. [ECF No. 110]. The government has no objection to the certified copy of Mr. Kingbird's conviction being admitted pursuant to Fed. R. Evid. 609 if Mr. Kingbird testifies. If he does not testify, the Court will revisit the admissibility of the conviction if either side seeks to introduce it.

### 3. The Government's Motion in Limine to Preclude Mention of Punishment to the Jury [ECF No. 105]

The government seeks an Order prohibiting the defense from making any reference to the sentence Mr. Desjarlais may receive if he is convicted during the guilt phase of the trial, and Mr. Desjarlais does not oppose this request. The motion is **GRANTED** with respect to this issue.

Mr. Desjarlais further indicated that if Mr. Kingbird testifies, defense counsel intends to question him regarding the years in prison he has managed to avoid as a result of his cooperation with state and federal authorities. [ECF No. 110]. The Court and counsel discussed this issue at length during the pretrial conference, and the Court shared its impression of the issues that may arise at trial. Based on that discussion, the Court **DEFERRED** a final ruling on this issue until trial.

### 4. The Government's Motion in Limine to Sequester Witnesses [ECF No. 106]

The government moves the Court for an Order, pursuant to Fed. R. Evid. 615, sequestering all witnesses other than the government's case agent, ATF Special Agent Jason Wambach. Mr. Dejarlais does not object to sequestration of witnesses, but seeks leave to have his investigator also exempted from sequestration, a request the government does not oppose. [ECF No. 110]. The motion for sequestration is **GRANTED**.

**IT IS SO ORDERED.**

Date: March 21, 2022

*s/Katherine Menendez*
Katherine Menendez
United States District Judge